UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CARRION, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>  Defendant. | Case No. 1:20-cv-06416 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, CHRISTOPHER CARRION, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, FINANCIAL RECOVERY SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. CHRISTOPHER CARRION ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in at 1930 North Harlem Avenue, Apartment 505, Elmwood Park, Illinois 60707-3759.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FINANCIAL RECOVERY SERVICES, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Minnesota.

7. Defendant maintains its principal place of business at 4150 West 77th Street, Suite 200, Edina, Minnesota 55435.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and was issued a credit card by Credit One Bank, N.A..

11. Upon approval, Credit One Bank, N.A. mailed Plaintiff a credit card.

12. Plaintiff activated this card, and began using his card for personal and household purposes.

13. Plaintiff last made payment on December 20, 2018.

---

[1] Our organization provides comprehensive custom collection and receivables management solutions to mid-large sized organizations that already possess some type of collection or receivables management platform. Our services are meant to compliment and add value to their existing processes. By utilizing our services, organizations are able to focus on their core business segments and leverage their efforts resulting in greater efficiencies. Our ability to deliver cost effective services by leveraging our state-of-the-art infrastructure and our highly trained workforce has helped us to become a leader in the industry. Our comprehensive collection and receivables management solutions are provided to leading organizations in the financial services, retail, debt buying, telecommunications, utility, and related markets.

\*\*\*

Since 1996, Financial Recovery Services has excelled in the field of debt collections and receivables management. In the process, FRS has won numerous awards and distinguished itself as a proven solution to a variety of organizations. https://www.fin-rec.com/who-we-are/about-us (last accessed October 26, 2020).

14. As result of financial hardship, Plaintiff's $2,414.95 account balance went into default on January 14, 2019 and was charged-off on July 15, 2019.

15. Plaintiff's $2,414.95 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. LVNV Funding LLC subsequently purchased Plaintiff's account from Credit One Bank, N.A.

17. On or before August 24, 2020, LVNV Funding LLC referred Plaintiff's account for collection.

18. Defendant mailed Plaintiff a letter, dated August 24, 2020 (the "Letter"), which stated:

> CURRENT CREDITOR: LVNV FUNDING LLC
> ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXXX6414
> DATE OF LAST PAYMENT: 12/20/2018
> CHARGE-OFF DATE: 07/15/2019
> DATE FIRST DELINQUENCY: 01/14/2019
>
> TOTAL BALANCE DUE: $2414.95
> FRS FILE NUMBER: WTG626
>
> **\*\*\*\*\*Avoid Client Relief For Law Firm Assignment\*\*\*\*\***
>
> Please be advised that LVNV FUNDING LLC owns the account referenced above and it has been assigned to our office for collection. If you pay $2414.95, the above referenced account will be considered paid in full.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office assume this debt is valid. If you notify this office in writing 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm licensed in your jurisdiction is appropriate. Such return to the current creditor and review will not occur until after the 30 day time period set forth above and after it is recalled from our office. As of today, no attorney has reviewed the particular circumstances of this account. However, if you fail to contact this office, the creditor may consider additional remedies to recover the balance due. We are not a law firm and we cannot provide you with legal advice and we will not sue on this account. We do not make decisions as to whether or not to place any account with a law firm as that decision rests solely with the current creditor.
>
> I respectfully ask that you contact our office and make arrangements to resolve your account with us before it is reviewed by our client for assignment to a licensed attorney in your state. To make a payment, please call use at the toll-free number listed below. FRS now accepts some forms of

payment on-line at www.fin-rec.com. See your On-Line access PIN above. We look forward to working with you to resolve this matter.

Sincerely,

WADE DAVIS
Account Manager
Toll Free: 1-844-319-2418

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

19. Defendant's Letter created false sense of urgency to pay the debt and coerce Plaintiff into making prompt payment by inferring that once 30 days have elapsed, Plaintiff's account will be returned to LVNV Funding LLC for law firm assignment.

## DAMAGES

20. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015). This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

21. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

22. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

23. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

4

24. Plaintiff believed that if he did not pay the debt within 30 days, it would be returned to LVNV Funding LLC for law firm placement.

25. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLASS ALLEGATIONS

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

28. The Putative Class is defined as follows:

> All natural persons residing in the State of Illinois (a) that received written correspondence from Defendant containing similar language as provided in Defendant's August 24, 2020 letter quoted above; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to LVNV Funding LLC.

29. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

A. **Numerosity:**

5

30. Upon information and belief, Defendant mailed no less than 40 similar letters to Illinois consumers.

31. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

32. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.   Commonality and Predominance:**

33. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.   Typicality:**

34. Plaintiff's claims are representative of the claims of other members of the Putative Class.

35. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.   Superiority and Manageability:**

36. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E. Adequate Representation:

40. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

42. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

44. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendant violated 15 U.S.C. §§ 1692e and e(10) by falsely implying that once 30 days have elapsed, Plaintiff's account will be returned to LVNV Funding LLC for law firm assignment.

7

46. Defendant's Letter created false sense of urgency to pay the debt in order to bully Plaintiff into making prompt payment.

47. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. § 1692e and e(10);

C. an order enjoining Defendant from additional violation(s) of 15 U.S.C. § 1692e and e(10);

D. an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,00 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 29, 2020      Respectfully submitted,

                **CHRISTOPHER CARRION**

                By: */s/ Joseph S. Davidson*

                Joseph S. Davidson
                LAW OFFICES OF JOSEPH P. DOYLE LLC
                105 South Roselle Road
                Suite 203
                Schaumburg, Illinois 60193
                +1 847-985-1100
                jdavidson@fightbills.com